IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:93 CR 776 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| David Lee Adkins, | |
| Defendant. | |

This matter is before the Court on Defendant's *pro se* "Motion of Availability" (Doc. No. 30).

This Motion essentially asks this Court to find Defendant in violation of his federal supervised release due to his state court convictions, and to sentence him now to a term of imprisonment that runs concurrent with his state sentence or concurrent with that portion of his state sentence which he has already served.

Defendant was convicted of bank robbery, in violation of 18 U.S.C. § 2113(a), and was sentenced by federal Judge John Potter in March 1994 to a term of ninety-six months with three years of supervised release. Defendant completed his federal sentence in May 2001.

In May 2002, while still on federal supervised release, Defendant was found guilty in Lucas County Common Pleas Court on two counts of aggravated robbery with a firearm specification, and then sentenced to seventeen years. His estimated release date is November 2018. A detainer has been placed on Defendant to bring him to federal court upon his release from state prison in order to

address his supervised release violation (i.e., committing another crime as evidenced by his state court convictions).

The issue is: should this Court sentence Defendant now, or have him appear "down the road," upon his release from state prison, for the supervised release violation? Defendant persuasively argues that this Court can resolve the matter now by finding him guilty of the supervised release violation and running this sentence concurrent to the state prison time he already has and will serve.

This Court believes the more prudent course is to wait until (or shortly before) Defendant's release to determine an appropriate sentence. Circumstances may change between now and then, and any sentence should be based on all available current information. Predicting Defendant's situation years away is too difficult and speculative. A review of the Section 3553(a) factors cannot be completely, or accurately, addressed at this point in time.

Therefore, for the above reasons, Defendant's Motion is denied without prejudice. Defendant may refile closer to his actual release date.

IT IS SO ORDERED.

                                                  s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

                                                  December 9, 2010